**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4922**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CLYDE EDWARD LOVE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:07-cr-00121-F-1)

_____

Submitted:  May 27, 2011            Decided:  July 13, 2011

_____

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary J. Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.  George Edward Bell Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Edward Love was indicted on one count of assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) (2006) (Count One), and one count of assault by striking another person, in violation of 18 U.S.C. § 113(a)(4) (2006) (Count Two). After a jury trial, Love was acquitted of Count One and convicted of Count Two. Love's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal, but raising for the court's consideration several issues at Love's request: (1) whether the evidence was sufficient; (2) whether Love's right to a speedy trial was violated; (3) whether the sentence was an abuse of discretion; (4) whether the court erred not instructing the jury on the theory of self-defense for Count Two; and (5) whether Love received ineffective assistance of trial counsel and appellate counsel. Love filed a pro se supplemental brief amplifying the claims put forth by counsel and adding several others. The Government did not file a brief. Finding no error, we affirm.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most

2

favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). The court considers both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted). We conclude there was sufficient evidence that Love struck another person committing simple assault. Insofar as Love claims the jury should have been instructed that it could find he acted in self-defense, we conclude the trial evidence did not support such an instruction. See, e.g., United States v. Span, 970 F.2d 573, 576 (9th Cir. 1992) (defining self-defense).

We also conclude Love's right to a speedy trial under 18 U.S.C. § 3161 (2006) or the Sixth Amendment was not violated. This court reviews de novo the district court's legal interpretation of the Speedy Trial Act and reviews factual findings for clear error. See United States v. Bush, 404 F.3d 263, 272 (4th Cir. 2005). Under 18 U.S.C. § 3161(c)(1) (2006), a trial should commence seventy days from the filing of an indictment or information or from the date the defendant first appeared before the court in which the trial was pending, whichever is later. "Any period of delay resulting from the absence or unavailability of . . . an essential witness" is excluded. 18 U.S.C. § 3161(h)(3)(A). Clearly, the delay not attributable to Love's requests for continuances was due to the unavailability of essential witnesses. The district court did not err in granting the Government's motion for a continuance.

We also conclude there was no error at sentencing and no error with respect to the fine or any of the conditions of probation.

We have considered Love's arguments raised in his informal brief and find no merit. Insofar as he claims trial and appellate counsel were ineffective, such claims are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his

4

ineffective assistance claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, id., unless the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record does not establish counsel was ineffective, Love's claims will not be reviewed at this juncture.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Love's conviction and sentence. We deny without prejudice counsel's motion to be relieved. This court requires that counsel inform Love, in writing, of the right to petition the Supreme Court of the United States for further review. If Love requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew her motion to withdraw from representation. Counsel's motion must state that a copy thereof was served on Love. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5